CAMPBELL, Judge.
This is an appeal from an order of the deputy commissioner awarding payment under the Crimes Compensation Act, Chapter 960, Florida Statutes (1981), of medical expenses for psychiatric treatment of the son of a deceased victim of a crime. We reverse.
The deceased died on October 11,1980, as a result of injuries he received in a barroom fight. His assailant was subsequently convicted of manslaughter. A claim for benefits under the Crimes Compensation Act was made on behalf of the victim’s son, appellee. The Bureau of Crimes Compensation awarded $1,439.36 to appellee for loss of financial support. Claim for appellee’s bills for psychiatric hospitalization was denied and appellee requested a hearing before a deputy commissioner.
The testimony at the hearing showed that appellee had pre-existing psychiatric problems which were severely aggravated as a result of his father’s death. The record indicates that subsequent to his father’s death, appellee made suicidal statements and became preoccupied with talking about the gruesome details of his father’s death. The appellee also became preoccupied with thinking of ways to kill his father’s murderer. Appellee was hospitalized for psychiatric treatment for his condition in October and November of 1980. In his order, the deputy found that the hospitalization was directly related by cause and effect to the crime committed. The deputy, citing the legislative intent of the Crimes Compensation Act, section 960.02, Florida Statutes (1981), found that the appellee fell concurrently within the provisions of sections 960.-03(1) and 960.03(7), and was both the victim of the crime and the claimant. Based on this finding, the deputy awarded appellee out-of-pocket expenses for the hospitalization and treatment of his psychiatric condition.
This award was erroneous. The Crimes Compensation Act was intended to reimburse victims and intervenors for their physical injuries and assist them in resultant financial hardships. See §§ 960.03(6), 960.03(7) and 960.04(1), Fla.Stat. (1981). By his finding that the appellee was both a victim of the crime and claimant, the deputy vastly expanded the intended coverage of the Act so that its coverage goes beyond the direct results of the crime. It is clear that the appellee cannot be construed as a victim as defined under the Act. Victim is defined in section 960.03(7), Florida Statutes (1981), as “any person who suffers personal physical injury or death as a direct result of a crime.” The appellee’s injuries here were clearly of a psychological rather than a physical nature.
While the Act was intended to provide dependents of deceased victims with financial support, see § 960.04, it cannot be stretched to include the payment of medical bills for the dependent of a victim who allegedly suffers a psychiatric reaction due to a crime. To hold otherwise reaches the paradoxical conclusion that a person directly subjected to a crime but not physically injured is not entitled to benefits for mental injuries resulting from the crime, but the dependent of a person who was injured is entitled to such benefits. Accordingly, the order of the deputy commissioner awarding benefits to the appellee for the treatment of his psychiatric condition is reversed.
REVERSED.
OTT, C.J., and HOBSON, J., concur.